UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
AICHER STEEL AMERICAS, INC.,

                           Plaintiff,                       **ANSWER**

       - against -                         Case No.: 26-cv-3202-DEH-RFT

LIBERTY MUTUAL INSURANCE
COMPANY,

                           Defendant.
----------------------------------------------------X

The defendant, **LIBERTY MUTUAL INSURANCE COMPANY** ("Liberty"), as and for its Answer to the Complaint, alleges as follows:

### The Parties

1.     Liberty denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.     Liberty admits the allegations contained in paragraph 2.

### Jurisdiction and Venue

3.     Liberty admits the allegations contained in paragraph 3.

4.     Liberty admits the allegations contained in paragraph 4.

### Facts

5.     Liberty denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.     Liberty denies the allegations contained in paragraph 6 except it admits that, as surety, it executed Subcontract Payment Bond No. 015213644 on behalf of Trident General Contracting LLC, as principal, in favor of Suffolk Construction

**CHIESA SHAHINIAN & GIANTOMASI PC** ▪ 11 Times Square, 34th Floor ▪ New York, New York 10036 ▪ (212) 973-0572

Company, Inc., as obligee, in the penal sum of $46,700,000.00, in connection with a construction project known as "1800-00 520 Fifth Avenue Superstructure, New York, NY 10036" (the "Bond").

7.      Liberty denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.      Liberty denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.      Liberty denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.     Liberty denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.     Liberty denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and begs leave to refer to the referenced "Sales Proposal" for its terms and conditions (which speak for themselves).

12.     Liberty denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.     Liberty denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.     Liberty denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

**CHIESA SHAHINIAN & GIANTOMASI PC** ▪ 11 Times Square, 34th Floor ▪ New York, New York  10036 ▪ (212) 973-0572

15.    Liberty denies the allegations contained in paragraph 15 except it admits that it received certain correspondence from Plaintiff and begs leave to refer thereto for its contents (which speak for themselves).

16.    Liberty denies the allegations contained in paragraph 16 except it admits that it paid $160,632.65 to Plaintiff as described in the terms of a "Partial Release and Assignment of Claim" that Plaintiff executed on December 12, 2024.

17.    Liberty denies the allegations contained in paragraph 17 except it admits that Plaintiff executed a "Partial Release and Assignment of Claim" on December 12, 2024, and begs leave to refer thereto for its contents (which speak for themselves).

18.    Liberty denies the allegations contained in paragraph 18.

19.    Liberty denies the allegations contained in paragraph 19 except it admits that Plaintiff is seeking an additional $156,944.06 from Liberty pursuant to the Bond and that Liberty disputes this claim.

20.    Liberty admits the allegations contained in paragraph 20.

21.    Liberty denies the allegations contained in paragraph 21 except it admits that the tolling period was extended.

22.    Liberty denies the allegations contained in paragraph 22 except it admits that it exchanged certain e-mails with counsel for Plaintiff, begs leave to refer thereto for their contents (which speak for themselves), and begs leave to refer all questions of law to the Court.

23.    Liberty denies the allegations contained in paragraph 23 and begs leave to refer all questions of law to the Court.

3

24.    Liberty denies the allegations contained in paragraph 24.

### First Count
### (Claim on Payment Bond)

25.    Liberty repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

26.    Liberty neither admits nor denies the allegations contained in paragraph 26, begs leave to refer to the Bond for its terms and conditions (which speak for themselves), and begs leave to refer all questions of law to the Court.

27.    Liberty denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.    Liberty neither admits nor denies the allegations contained in paragraph 28, begs leave to refer to the Bond and the Tolling Agreement for their respective terms and conditions (which speak for themselves), and begs leave to refer all questions of law to the Court.

29.    Liberty neither admits nor denies the allegations contained in paragraph 29, begs leave to refer to the Bond for its terms and conditions (which speak for themselves), and begs leave to refer all questions of law to the Court.

30.    Liberty denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.    Liberty denies the allegations contained in paragraph 31.

32.    Liberty denies the allegations contained in paragraph 32 and begs leave to refer all questions of law to the Court.

4

33.     Liberty denies the allegations contained in paragraph 33 and begs leave to refer all questions of law to the Court.

### First Affirmative Defense

The Complaint fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

The Complaint is barred by the applicable limitations period.

### Third Affirmative Defense

Liberty, as surety, adopts any and all defenses that its principal, Trident, may have to Plaintiff's claim.

### Fourth Affirmative Defense

Liberty's liability to Plaintiff, if any, is limited to the penal sum of the Bond less all payments previously made thereunder.

### Fifth Affirmative Defense

The Complaint must be dismissed to the extent that it seeks to recover amounts not covered by the Bond.

### Sixth Affirmative Defense

The Complaint is barred to the extent that Plaintiff failed to mitigate its damages.

**WHEREFORE,** Liberty requests judgment dismissing the Complaint and awarding it costs, disbursements, and such other and further relief as the Court deems just and proper.

5

Dated: May 18, 2026

**CHIESA SHAHINIAN & GIANTOMASI PC**
Attorneys for Defendant
*Liberty Mutual Insurance Company*


By:     */s Adam P. Friedman*
        Adam P. Friedman

11 Times Square, 34th Floor
New York, New York  10036
(212) 973-0572

6