*Revised April 18, 2024*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

**AICHER STEEL AMERICAS, INC.**

Plainiff(s),

-against-

**LIBERTY MUTUAL INSURANCE COMPANY,**

Defendant(s).

------------------------------------------------------------------X

26 Civ. 3202 (DEH) (RFT)

**PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) CONFERENCE**

**Court Expectations**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Discussion Topics for Rule 26(f) Conference on Judge Tarnofsky's Individual Practices Page.

**Status Update Letters.** After paper discovery is underway and again after the deadline for completing all discovery, on dates set by the court, the parties shall file status letters to confirm that discovery is proceeding as scheduled/is complete.

Counsel represent by their signature below that they have read and will comply with the above.

I have reviewed the parties' Proposed Case Management Plan and Report of Rule 26(f) Conference. The parties' Case Management Plan is SO ORDERED with minor modifications to ¶ 7. The June 25, 2026 Initial Case Management Conference is canceled. A settlement conference in this case will be scheduled under a separate order. If the parties wish to consent to my jurisdiction in this case, they should complete and file the attached consent form.

Dated: June 17, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

*Revised April 18, 2024*

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, the parties met on** 6/5/2026 (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

**1. Summary of Claims, Defenses, and Relevant Issues**

Plaintiff:

Plaintiff asserts a supplemental claim on a Payment Bond in the amount of $156,944.06. To date, Defendant has paid Plaintiff $160,632.65 on the Payment Bond. A release signed by the parties for this payment contemplated the supplemental claim. Moreover, after the parties resolved the first part of Plaintiff's claim, efforts were made to resolve the balance currently being sought. As a result, the parties entered into a tolling agreement that was extended multiple times before Plaintiff timely filed its complaint.

Defendant:

Plaintiff's claim is comprised of materials and other charges that do not fall within the coverage of the Payment Bond.

**2. Basis of Subject Matter Jurisdiction**

Diversity jurisdiction. Plaintiff is a Delaware corporation with its principal place of business in New Jersey. Defendant is a Massachusetts corporation with its principal place of business in Boston. The amount in controversy exceeds $75,000 exclusive of interest and costs.

**3. Subjects on Which Discovery May Be Needed**

Plaintiff(s):

The basis for Defendant's denial of Plaintiff's claim. The amount assigned by Defendant for the losses claimed by Plaintiff. The scope of the investigation conducted by Defendant with regard to Plaintiff's claims.

*Revised April 18, 2024*

Defendant(s):

The materials that are the subject of the Complaint, their delivery to the site, and otherwise how the materials and any other costs included in the amount that Plaintiff seems from Liberty fall within the coverage provided by the Payment Bond.

**4. Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Plaintiff(s)*** on 6/19/2026. In addition, on 6/30/2026, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Defendant(s)*** on 6/19/2026. In addition, on 6/30/2026, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

**5. Formal Discovery**

The parties jointly propose to the Court the following discovery plan: All fact discovery must be completed by 12/18/2026. If the parties agree on a schedule that calls for the close of all discovery within four to six months, and the Proposed Case Management Plan meets that goal, then the Court is likely to cancel the initial Case Management Conference unless the parties request that the conference go forward.

*Revised April 18, 2024*

**The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.**

a. Depositions: Depositions shall be completed by 11/13/2026 and limited to no more than 3 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

b. Interrogatories: Initial sets of interrogatories shall be served on or before 6/26/2026. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

c. Requests for Admission: Requests for admission must be served on or before 11/13/2026.

d. Requests for Production: Initial requests for production were/will be exchanged on 7/3/2026 and responses shall be due on **8/14/2026**. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

e. Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6. Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

None anticipated.

**7. The parties shall file an update on the status of discovery on** [the following dates]:

~~8/21/2026, 11/20/2026~~ The first business day of each month until the close of discovery.

Such update shall include: the progress of discovery and any settlement discussions, confirmation that document discovery/depositions have been completed.

**8. Amendments to Pleadings**

a. Are there any amendments to pleadings anticipated? No

b. Last date to amend the Complaint: 8/14/2026

**9. Joinder of Parties**

c. Are there other necessary parties that need to be joined? Y/N No

d. Is joinder of other parties anticipated? No.

e. Last date to join other parties: 7/31/2026.

**10. Expert Witness Disclosures**

At this time, the parties do/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by 12/18/2026.

**11. Electronic Discovery and Preservation of Documents and Information**

f. Have the parties discussed electronic discovery? Yes.

g. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? 6/26/2026.

h. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

No

**12. Anticipated Motions**

Each party anticipates moving for summary judgment.

**13. Certification of Completion of Discovery**

**One week before** the scheduled completion of all discovery, the parties shall file

*Revised April 18, 2024*

a status letter to confirm that discovery has been completed as scheduled.

**14. Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference/referral to Court-annexed mediation (circle one); by no later than 9/18/2026.

The following information is needed before settlement can be discussed:

Document discovery.

**15. Trial**

a. The parties anticipate that this case will be ready for trial by 1/25/2027.

b. The parties anticipate that the trial of this case will require 3 days.

c. The parties request a jury/bench (circle one) trial.

d. The parties consent/do not consent (circle one) to Magistrate Judge jurisdiction at this time.

**16. Other Matters**

none

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Tarnofsky's Individual Practices Webpage.**

Respectfully submitted this 16th day of June, 2026.

Counsel for Plaintiff(s)
Stephen Bialkowski #2175289

Counsel for Defendant(s)
Adam P. Friedman

# UNITED STATES DISTRICT COURT

for the

| | | |
|---|---|---|
| ______________________ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| ______________________ | ) | |
| *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*. A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority*. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: ______________

______________________________
*District Judge's signature*

______________________________
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

Print Save As... Reset